UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS D.,

        Plaintiff,

       v.                                 **DECISION AND ORDER**
                                                       20-CV-7079S
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

       1.       Plaintiff Thomas D.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for disability insurance benefits under Title II of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

       2.       Plaintiff filed his application for benefits under Title II of the Act on April 26, 2018. (R.[2] at 77, 85.) Plaintiff alleged disability beginning on June 13, 2014—a date he later amended to April 26, 2019—due to nerve damage, lower lumbar impairment, and cervical impairment. (R. at 77.) Plaintiff's application was denied. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). ALJ Eskunder Boyd held a hearing on February 10, 2020, at which Plaintiff, represented by his attorney, appeared and testified. (R. at 29-75.) Vocational expert Susan Howard also testified at the hearing. At the time of the hearing, Plaintiff was 45 years old, with a high-school education and past work experience as a landscaper, security guard, and tow-truck driver. (R. at 229.)

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by her first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

3. The ALJ considered the case de novo and, on March 19, 2020, issued a written decision denying Plaintiff's application for benefits. (R. at 15-23.) On October 26, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on December 15, 2020, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 8, 11.) Plaintiff filed a response on March 1, 2022 (Docket No. 12), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Defendant's motion is granted, and Plaintiff's motion is denied.

5. A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] The ALJ's March 19, 2020, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

6.      "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8.      The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant

> has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his amended alleged onset date of April 26, 2019. (R. at 18.) At step two, the ALJ found that Plaintiff has the severe impairment of lumbar spondylosis. (Id.)

11. The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments in

20.C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 19.)

12. Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that he:

> can stand/walk for 4 hours and sit for 6 hours; requires a sit/stand option wherein he can sit for 30-45 minutes, alternate to a standing position for 5 minutes, then resume sitting; can frequently handle/finger; can never climb ladders/ropes/scaffolds; can occasionally climb stairs/ramps, balance, stoop, and crouch; can never kneel/crawl; no work in exposure to cold/atmospheric wetness (rain).

(Id.)

13. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 21.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 22.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 23.)

14. Plaintiff argues primarily that the ALJ's sit/stand formulation was not based on any opinion evidence. Plaintiff ties this to an argument that the ALJ wrongly found the opinion of Physician's Assistant ("PA") Jessica Martin—supporting a more restrictive sit/stand option—unpersuasive. Defendant argues that the ALJ's decision is supported by substantial evidence.

15. In making an RFC determination, the ALJ must consider all relevant medical and other evidence. An RFC assessment may not perfectly correspond to one medical opinion, and the ALJ is entitled to weigh all of the evidence in the record to make the RFC finding. Michele S. v. Comm'r of Soc. Sec., No. 20-CV-547-EAW, 2021 WL 4189705, at *6 (W.D.N.Y. Sept. 15, 2021) (citing Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013)

5

(summary order)). It is within the ALJ's discretion to resolve genuine conflicts in the evidence. Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002). In other words, "[e]ven where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources cited in his decision, [] the ALJ [is] entitled to weigh all of the evidence available to make a residual functional capacity finding … consistent with the record as a whole." Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018) (quoting Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record.")).

16. Pursuant to the regulations that apply to claims filed after March 31, 2017, like Plaintiff's, when an ALJ considers medical opinion evidence, he or she is to explain in his or her decision how persuasive he or she finds a medical opinion based primarily on the opinion's supportability and consistency. Supportability relates to how relevant the objective medical evidence and supporting explanations presented by the source are in supporting the source's opinion. 20 C.F.R. § 404.1520c (c)(1). Consistency considers how consistent an opinion is with the evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. § 404.1520c (c)(2). Other factors an ALJ may, but is not required to, consider, are the source's relationship with the claimant, the source's specialization, and other factors. See 20 C.F.R. § 404c (b)(3).

17. The record contains evidence of Plaintiff's back issues stemming from motor vehicle accidents in 2012 and 2015. Plaintiff's primary treatment for his back pain was with the Pain Interventions group. Between 2013 and 2019, he attended monthly appointments to receive refills for his pain medications. Although he received back injections soon after his accident, there is no evidence of any treatment other than pain

medication from 2013 on. At most visits, Plaintiff would report that his pain was unchanged but that it was managed by his medication. (See, e.g., R. at 319, 332, 334, 335.) His prescriptions, including for Percocet or Oxycodone with Acetaminophen, would then be refilled. At times, a physical exam would be performed. In these exams, Plaintiff consistently exhibited no neck or lower back pain either at rest or with movement, a negative straight leg raise, and 5/5 motor strength in all extremities. (See R. at 323, 325, 351, 361, 367, 373, 385, 411.) In 2018, Plaintiff complained of increasing pain and stiffness, but on January 14, 2019, he reported that his pain was tolerable with his medications (R. at 405.) On January 10, 2020, Plaintiff reported that his pain was tolerable with his medications. (R. at 430.) On July 20, 2016, Plaintiff reported headaches related to his use of anti-inflammatories, but he did not complain of them again after his anti-inflammatory medication was switched from nabumetone to meloxicam. (R. at 353.)

18. Consultative examiner Dr. Trevor Lichtmore examined Plaintiff on July 18, 2018, and noted that Plaintiff was in no acute distress, had a normal gait, needed no help getting on or off the exam table, and rose from his chair without difficulty. (R. at 308.) Dr. Lichtmore observed full flexion and extension of the cervical spine, full range of motion in shoulders and hips, and a negative straight leg raise bilaterally. (R. at 308.) Dr. Lichtmore opined that Plaintiff would have mild to moderate limitations in squatting, bending, stooping, lifting, and carrying heavy weights. (R. at 310.) Notably, Dr. Lichtmore did not note any limitations in sitting or standing.

19. Plaintiff also treated with PA Jessica Martin for medical issues. Martin's notes indicate that Plaintiff had a diagnosis of "chronic back pain," but with the exception of January 17, 2020, when Martin filled out a disability form for Plaintiff, she did not

7

examine his back or address his back pain. Rather, she treated him for such issues as a persistent cough (R. at 444, 463, 473), kidney stone follow up (R. at 496), intestinal distress (R. at 504), rib pain after a jet ski accident (R. at 542), and leg pain after he fell off his truck. (R. at 554.)

20.     On January 17, 2020, Martin examined Plaintiff. (R. at 569-574.) She diagnosed him with chronic back pain, chronic neck pain, and parasthesia (tingling or prickling). She stated that he had headaches every day, with an intensity of 8-9/10, and that his back and shoulder pain were at 2-3/10 with his medication. (R. at 571.) She observed a normal range of motion in his neck, mild tenderness in his upper cervical midline, a positive straight leg raise, and diffuse paralumbar tenderness. (R. at 573.) She noted in her records that she completed Plaintiff's disability paperwork, but also observed that this was Plaintiff's first visit for pain concerns, because he usually addressed this with pain management. (R. at 574.)

21.     On January 20, 2020, Martin completed a treating medical source statement on Plaintiff's behalf. (R. at 585-593.) She opined that Plaintiff could sit for 45 minutes and stand for 20 minutes. (R. at 586.) She stated that could lift 10 or fewer pounds occasionally, and that he could never lift more than that. (R. at 587.) She opined that he would need to get up after 45 minutes of sitting, and would need to walk for 30 minutes after sitting. (R. at 586-87.) She further opined that he would miss more than four days per month, and that he could only finger or manipulate for 10% of the day. (R. at 589.)

22.     The ALJ found Martin's opinion unpersuasive and did not adopt the sit/stand option she opined was necessary. The ALJ explained that Martin's opinion was based on a very recent treating relationship. Although Plaintiff argues that Martin in fact treated

Plaintiff for years, it is clear, and Martin herself noted in the record, that she only treated Plaintiff for back pain once, in January 2020. (See R. at 574.) The ALJ further explained that Martin's opinion was inconsistent with regular pain management notes indicating that Plaintiff's had no pain at rest or with movement, that pain was tolerable with medication, and that his motor strength was normal. The ALJ properly found that the record does not show the frequency of position changes alleged by Plaintiff. Nevertheless, the ALJ added a sit/stand option based on Plaintiff's testimony—a limitation that is arguably more restrictive than any other opinion in the record. Having reviewed the record, this Court cannot find that the ALJ was mistaken in not finding Martin's opinions persuasive, given their inconsistency with the Pain Management notes and Dr. Lichtmore's observations.

23.   Further, an ALJ is not required to rely on an opinion for every specific limitation included in the RFC finding, but instead is tasked with assessing what limitations are warranted by the evidence in the record as a whole. See Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8 (2d Cir. 2017). There was no error in the ALJ formulating an RFC based on the entirety of the record.

24.   Plaintiff also argues that the ALJ erred in relying on the opinion of agency examiner Dr. Vinluan because it predated his amended onset date of April 26, 2019. But a medical opinion is not stale merely because it was formulated prior to an alleged onset date. For a medical opinion to be stale, not only must there be a significant period of time between the date of the opinion and the hearing date, there also must be subsequent treatment notes "indicat[ing] a claimant's condition has deteriorated" over that period. Vazquez v. Saul, No. 18-CV-242, 2019 WL 3859031, at *3 (W.D.N.Y. Aug. 16, 2019) (citing Whitehurst v. Berryhill, No. 1:16-CV-01005-MAT, 2018 WL 3868721, at *4, *5

(W.D.N.Y. Aug. 14, 2018)). Medical opinions that are "stale and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." Camille v. Colvin, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), aff'd 652 F. App'x 25 (2d Cir. 2016).

25. Here, the record contains two opinions from 2018, one from Dr. Trevor Licthmore after his examination of Plaintiff, and one from agency assessor Dr. A. Vinluan. On July 25, 2018, Dr. Vinluan opined that Plaintiff was able to perform the full exertional requirements of light work. The ALJ found this partially persuasive, based on its support by Vinluan's explanation, and its consistency with records showing "normal musculoskeletal range of motion, normal gait and coordination and normal motor [strength] and sensation." (R. at 21.) There is no evidence in the record that Plaintiff's condition deteriorated after Dr. Vinluan's assessment, so any argument that it is "stale" is unavailing. Further, even if Plaintiff's condition worsened after Dr. Vinluan's review, the ALJ did not adopt Dr. Vinluan's opinion whole cloth, but rather added a sit/stand option to account for Plaintiff's assertions of pain.

26. Dr. Trevor Lichtmore examined Plaintiff on July 18, 2018. (R. at 307.) The ALJ found his opinion unpersuasive because it was rendered before Plaintiff's amended onset date of April 26, 2019. (R. at 21.) This finding is confusing, given that Dr. Vinluan's opinion, which the ALJ found partially persuasive, was rendered just one week after Dr. Lichtmore's. This Court finds, however, that any possible error in the ALJ's explanation is harmless. "Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration." Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010) (alterations omitted) (quoting Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)). Here, the ALJ's finding of light work with some

restrictions is consistent with the limitations Dr. Lichtmore found, in "squatting, bending, stooping, crawling, and lifting and carrying heavy weights while standing and/or walking within the context of his chronic back pain." (R. at 309-10.) Any error in the ALJ's assessment of the persuasiveness of Dr. Lichtmore's opinion is therefore harmless.

27. Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's Motion for Judgment on the Pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of Court is DIRECTED to close this case.

SO ORDERED.


Dated:  September 8, 2022
        Buffalo, New York

                                            s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge